**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GEOFFREY CRAIG PICKENS, | : | PRISONER HABEAS CORPUS |
| Inmate No. 99083067, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | CIVIL ACTION NO. |
| R.L. (BUTCH) CONWAY, | : | 1:18-CV-1173-TWT-JSA |
|     Respondent. | : | |

## <u>MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION</u>

Petitioner Geoffrey Craig Pickens, a pre-trial detainee at the Gwinnett County Adult Detention Center in Lawrenceville, Georgia, submitted the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter is presently before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").[1]

### I.    <u>Discussion</u>

In this § 2241 petition, Petitioner complains about an unlawful search and seizure, by which he claims "law enforcement officers were untruthful as well as

---

[1]    Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

deliberately misleading on the search warrant affidavit."  (Doc. 1 at 4).  Petitioner claims that "the officers admitted to this deception" at a motion to suppress hearing. (*Id.* at 5).  Plaintiff seeks his release.  (*Id.* at 7).

This is not the first time Petitioner has attempted to challenge this same search and seizure, albeit the last time he asked this Court to essentially overrule the trial court's decision denying his motion to suppress.  *See Pickens v. Conway*, Civil Action No. 1:17-CV-2777-TWT-JSA.   As this Court indicated in his previous case, however, this Court is prohibited from intervening in Petitioner's state court criminal proceedings by the doctrine of abstention in *Younger v. Harris*, 401 U.S. 37 (1971).   In *Younger*, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."   *Id.* at 43-44.   Constitutional claims must instead be raised in the ongoing state proceeding "'unless it plainly appears that this court would not afford adequate protection.'"   *Id.* at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 244 (1926)).

Extraordinary circumstances may justify intervention in circumstances where a petitioner alleges great, immediate and irreparable injury or a flagrant violation of

an express constitutional prohibition. *See Younger*, 401 U.S. at 46. And, as this Court discussed in Petitioner's previous case, *see Pickens*, *supra*, at Doc. Nos. 3 & 5, pretermitting whether Petitioner has sufficiently alleged any such flagrant violation, he still must first fully exhaust his state court remedies, which he has not done. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). As a matter of comity, state courts must be afforded the opportunity to hear claims raised in a federal habeas petition which challenge a state's authority to place a petitioner into its custody. *Picard*, 404 U.S. at 275. Such a fair opportunity may include applying for state habeas or state mandamus relief under O.C.G.A. § 9-6-14-1(a) and O.C.G.A. § 9-6-20, respectively. Other than filing a discretionary application with the Georgia Supreme Court, which was denied, Petitioner has not made any showing or argument that would suggest that the available state process is ineffective to protect his rights.[2] So long as review is available in the Georgia courts, "this Court is precluded from the consideration of the substance of [Petitioner's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980).

---

[2] Importantly, Petitioner is represented by counsel in his state criminal proceedings. *See generally,* Gwinnett County Criminal Docket Search, *State v. Pickens*, at http://www.gwinnettcourts.com/casesearch/casedetail.aspx?iS4kEkEs7KYXmjYbp MOpOw.

*See also Castille v. Peoples*, 489 U.S. 346 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

Thus, in light of the foregoing analysis, the instant petition should be dismissed pursuant to Rule 4 and *Younger.*

II.     Conclusion

**IT IS THEREFORE RECOMMENDED** that the instant petition [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4.

Petitioner is **GRANTED** *in forma pauperis* status [Doc. 2] for the purpose of dismissal only.

III.    Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural

ruling by the district court is debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's conclusions that the Court cannot review Petitioner's claims under *Younger*; and/or that the Court cannot review Petitioner's claims because Petitioner has failed to exhaust his state court remedies.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 26th day of April, 2018.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)